1

**WILDE HANSEN, LLP**
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
David E. Bruggenwirth, Esq.
Nevada Bar no. 9770
208 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787

Electronically Filed on _____

and

MARK S. BOSCO, ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000

Wells Fargo Bank, N.A.
08-72556 / 0250436458

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | BK-S-05-12090-mkn |
| Shirley Mae Robinson | Date: _6/17/2008_____<br>Time: _9:30 am_____ |
| Debtor(s). | Chapter 13 |

## <u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

Wells Fargo Bank, N.A. its assignees and/or successors in interest, Secured Creditor herein, alleges as follows:

1.    That on or about March 22, 2005, the above named Debtors filed their current Chapter 13 Petition in Bankruptcy with the Court.

2.    Secured Creditor is the current payee of a promissory note dated August 7. 1996 in the principal sum of $48.350.00 ("Promissory Note" herein). secured by a Real Property Trust Deed of same date ("Trust Deed" herein) upon property generally described as 3114 Chadford Pl., Las Vegas. NV 89102. and legally described as follows:

> LOT EIGHT ( 8 ) IN  BLOCK TWO ( 2 ) OF BRADFORD PLACE UNIT NO. 1 AS SHOWN BY MAP THEREOF ON FILE IN BOOK 13  OF PLATS. PAGE 63. IN  THE OFFICE  OF THB COUNTY RECORDER OF CLARK COUNTY. NEVADA.

("subject property" herein).

3.    Secured Creditor is informed and believes, and, based upon such information and belief, alleges that title to the subject property is currently vested in the name of Debtor.

4.    Secured Creditor will seek leave of Court to specify any further encumbrances against the subject property at the time of hearing.

5.    With respect to secured Creditor's trust deed the following is due and owing:

| | |
|---|---|
| Unpaid Principal Balance | $40,880.97 |
| 3 Monthly Payments at $442.84 | $ 1.328.52 |
| (March 1. 2008-May 1. 2008) | |
| Motion Filing Fee | $150.00 |
| Attorneys Fees | $750.00 |
| Total Arrearages | $2,228.52 |

Furthermore. a payment becomes due on June 1, 2008 and on the first (1st) day of every month thereafter. and a late charge becomes due on any payment not paid within fifteen (15) days from the date the monthly payment is due.

6.    Secured Creditor has elected to initiate foreclosure proceedings on the Property with respect to the subject Trust Deed; however Secured Creditor is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this Bankruptcy.

7.    Secured Creditor has incurred to date attorney's fees of approximately $750.00.

8.    Pursuant to the Debtor's schedule "A" the Fair Market value of the property is $83,000.00. A true and correct copy of the debtor's schedule "A" is attached hereto as exhibit "B".

9.    Based upon the foregoing, Secured Creditor alleges that there appears to be insufficient equity with respect to said Property, that Secured Creditor is not adequately protected, that the subject property is not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay this Secured Creditor in the foreclosure of Secured Creditor's interest. Secured Creditor urges that this Court issue and Order herein permitting this Secured Creditor to proceed to a Foreclosure Sale of the Property, including necessary action to obtain possession of the Property.

10.    Secured Creditor's Information Sheet as to the extent of liens and encumbrances against the subject property is attached hereto as Exhibit "B" and incorporated herein by reference.

11. Rick A. Yarnall has been appointed by this Court the Chapter 13 Trustee in this instant Bankruptcy proceeding. By virtue of the position as Trustee of the estate of Debtor herein, Debtor holds title to the subject property in that capacity. To the extent the relief sought herein is granted, Respondent. Rick A. Yarnall, Trustee. is bound any such judgment.

12. This Court has jurisdiction of this action pursuant to the provisions of 11 U.S.C. Section 362(d).

WHEREFORE, Secured Creditor prays judgment as follows:

(1)    For an order granting relief from the Automatic Stay, and permitting this Secured Creditor to move ahead with foreclosure proceedings under this Secured Creditor's Trust Deed and to sell the subject property at a Foreclosure Sale under the items of said Trust Deed, including necessary action to obtain possession of the Property.

(2)    For a finding that Rule 4001(a)(3) of the Rules of Federal Bankruptcy Procedure is not applicable and Secured Creditor may immediately enforce and implement the order for relief from the automatic stay.

(3)    In the alternative, an Order requiring the Debtor to reinstate and maintain all obligations due under all of the trust deeds encumbering the subject property and further allowing Secured Creditor with the remedies to proceed with foreclosure should the Debtor not maintain payments.

(4)    For attorneys' fees and costs of suit incurred herein.

(5)    For such other and further relief as this Court deems appropriate.

DATED _____ 5/23/08 _____.

                            **WILDE HANSEN, LLP**

                 By_____

                            **GREGORY L. WILDE, ESQ.**
                            **DAVID E.  BRUGGENWIRTH, ESQ.**
                            Attorneys for Secured Creditor
                            208 South Jones Boulevard
                            Las Vegas, Nevada 89107

WHEN RECORDED MAIL TO:

NORWEST MORTGAGE, INC.
3601 MINNESOTA DRIVE
BLOOMINGTON, MN 55435

LOAN NUMBER: 7352889
BRANCH:    LSV-8

96-29-7916



——————————— [Space Above This Line For Recording Data] ———————————

State of Nevada

# DEED OF TRUST

FHA Case No.
332-2312469-703

THIS DEED OF TRUST ("Security Instrument") is made on        AUGUST 05        , 1996     .
The Grantor is
SHIRLEY M. ROBINSON, AN UNMARRIED WOMAN

("Borrower"). The trustee is   STAN-SHAW CORPORATION, A CALIFORNIA CORPORATION

("Trustee"). The beneficiary is

NORWEST MORTGAGE, INC.,
A CALIFORNIA CORPORATION
which is organized and existing under the laws of        CALIFORNIA        , and whose
address is 405 S.W. 5TH STREET, DES MOINES, IA  50328                         ("Lender").
Borrower owes Lender the principal sum of
FORTY EIGHT THOUSAND THREE HUNDRED FIFTY AND NO/100

Dollars (U.S. $    48,350.00    ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly
payments, with the full debt, if not paid earlier, due and payable on        AUGUST 01, 2026        . This Security
Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions
and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the
security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security
Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the
following described property located in        CLARK        County, Nevada:
LOT EIGHT (8) IN BLOCK TWO (2) OF BRADFORD PLACE UNIT NO. 1, AS SHOWN
BY MAP THEREOF ON FILE IN BOOK 13 OF PLATS, PAGE 63, IN THE OFFICE OF
THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

*00073826898000000030*

which has the address of                3114 CHADFORD PLACE
                                                    [Street]

                                        LAS VEGAS           NEVADA      89102
                                           [City]            [State]    [Zip Code]

                                        ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. Monthly Payment of Taxes, Insurance, and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**
(a) Default. Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:
(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or
(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.
(b) Sale Without Credit Approval. Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all the sums secured by this Security Instrument if:
(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and
(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) Mortgage Not Insured. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall render in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. Borrower Not Released: Forbearance By Lender Not a Waiver. Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound: Joint and Several Liability; Co-Signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. Governing Law; Severability. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. Borrower's Copy. Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. Hazardous Substances. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Assignment of Rents. Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by applicable law to Borrower and to the persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

19. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

20. Substitute Trustee. Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

21. Assumption Fee. If there is an assumption of this loan, Lender may charge an assumption fee of U.S. $ Maximum amount authorized by HUD.

22. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

| [ ] Condominium Rider | [ ] Adjustable Rate Rider | [ ] Growing Equity Rider |
| [X] Planned Unit Development Rider | [ ] Graduated Payment Rider | [ ] Other [Specify] |

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____     _____

_____ (Seal)     _____ (Seal)
SHIRLEY M. ROBINSON          -Borrower                                    -Borrower

_____ (Seal)     _____ (Seal)
                             -Borrower                                    -Borrower

_____ (Seal)     _____ (Seal)
                             -Borrower                                    -Borrower

                                                            *(Sign Original Only)*

STATE OF NEVADA,
County of                    Clark
This instrument was acknowledged before me on          8-5-96                        by

SHIRLEY M. ROBINSON

                                        Eliane Watson

(Seal, if any)                          My Commission Expires:  11-8-97

_____
FHA Nevada Deed of Trust - 04/96                    Page 8 of 8                    D-5012-8 (04/96)

FHA Case No.
332-2012469-703

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this        5TH      day
of     AUGUST      , 19 96     , and is incorporated into and shall be deemed to amend
and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given
by the undersigned ("Borrower") to secure Borrower's Note to
NORWEST MORTGAGE, INC.,
A CALIFORNIA CORPORATION
("Lender") of the same date and covering the Property described in the Security Instrument and located at:
3114 CRADFORD PLACE
LAS VEGAS, NV 89102

[Property Address]

The Property is a part of a planned unit development ("PUD") known as

BRADFORD PLACE UNIT NO. 1<br>[Name of Planned Unit Development]

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower
and Lender further covenant and agree as follows:

A.   So long as the Owners' Association (or equivalent entity holding title to common areas and facilities),
acting as trustee for the homeowners, maintains, with a generally accepted insurance carrier, a "master"
or "blanket" policy insuring the property located in the PUD, including all improvements now existing
or hereafter erected on the mortgaged premises, and such policy is satisfactory to Lender and provides
insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire
and other hazards included within the term "extended coverage," and loss by flood, to the extent required
by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this Security Instrument for the
monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance  on
the Property, and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain
hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is
provided by the Owner's Association policy. Borrower shall give Lender prompt notice of any lapse in
required hazard insurance coverage and of any loss occuring from a hazard. In the event of a distribution
of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property or to common
areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to
Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity
legally entitled thereto.

FHA Multistate PUD Rider   2/91
LOAN NUMBER:    7352889 LSV-E          Page 1 of 2                 D-6163-1 (04/95)



"000735288900000KZ2A0"

B.   Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the PUD.

C.   If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph C shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)        _____ (Seal)
SHIRLEY M. ROBINSON                -Borrower                                    -Borrower

_____ (Seal)        _____ (Seal)
                                   -Borrower                                    -Borrower

_____ (Seal)        _____ (Seal)
                                   -Borrower                                    -Borrower

FHA Multistate PUD Rider   2/91
LOAN NUMBER: 7352889 LSV-8          Page 2 of 2              D-6163-2 (04/95)

**FHA Case No.** 332-2812469-703

## TAX-EXEMPT FINANCING RIDER

THIS TAX-EXEMPT FINANCING RIDER is made this ___5TH___ day of AUGUST _____, 19_96_, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to

NORWEST MORTGAGE, INC.

("Lender") of the same date and covering the property described in the Security Instrument and located at:

In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree to amend Paragraph 9 of the Model Mortgage Form, entitled "Grounds for Acceleration of Debt" by adding additional grounds for acceleration as follows:

Lender, or such of its successors or assigns as may by separate instrument assume responsibility for assuring compliance by the Borrower with the provisions of this Tax-Exempt Financing Rider, may require immediate payment in full of all sums secured by this Security Instrument if:

(a) All or part of the Property is sold or otherwise transferred by Borrower to a purchaser or other transferee:

   (i) Who cannot reasonably be expected to occupy the property as a principal residence within a reasonable time after the sale or transfer, all as provided in Section 143(c) and (i)(2) of the Internal Revenue Code; or

   (ii) Who has had a present ownership interest in a principal residence during any part of the three-year period ending on the date of the sale or transfer, all as provided in Section 143(d) and (i)(2) of the Internal Revenue Code (except that "100 percent" shall be substituted for "95 percent or more" where the latter appears in Section 143(d)(1); or

   (iii) At an acquisition cost which is greater than 90 percent of the average area purchase price (greater than 110 percent for targeted area residences), all as provided in Section 143(e) and (i)(2) of the Internal Revenue Code; or

   (iv) Who has a gross family income in excess of the applicable percentage of applicable median family income as provided in Section 143(f) and (i)(2) of the Internal Revenue Code; or

(b) Borrower fails to occupy the property described in the Security Instrument without prior written consent of Lender or its successors or assigns described at the beginning of this Tax-Exempt Financing Rider, or

(c) Borrower omits or misrepresents a fact that is material with respect to the provisions of Section 143 of the Internal Revenue Code in an application for the loan secured by this Security Instrument.

References are to the Internal Revenue Code as amended and in effect on the date of issuance of bonds, the proceeds of which will be used to finance the purchase of the Security Instrument and are deemed to include the implementing regulation.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions in this Tax-Exempt Financing Rider.

_____          _____
           Borrower                                                    Borrower

SHIRLEY M. ROBINSON

GXD' JLD
Revised 8/15/96

Exhibit JJel

Addendum for
FHA loans

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF

OLD REPUBLIC TITLE COMPANY OF NE
08-07-96   10:03   081        12
OFFICIAL RECORDS
BOOK     960807 INST   00700

FEE        18.00 RPTT:             .00

PREPARED BY AND WHEN RECORDED MAIL TO:

NORWEST MORTGAGE, INC.
3601 MINNESOTA DRIVE
BLOOMINGTON, MN  55435

Loan Number:
Branch:
Title Order No:
Escrow No: 96-26-1015 E.U.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Corporation Assignment of Deed of Trust or Mortgage

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to

NEVADA HOUSING DIVISION

all beneficial interest under that certain Deed of Trust/Mortgage dated       AUGUST 5, 1996         executed by

NORWEST MORTGAGE, INC.

, Trustor/Grantor/Mortgagor,

to STAN-SHAW CORPORATION, A CALIFORNIA CORPORATION

, Trustee/Lender,

and recorded as Instrument No.  00700 ·            on 8·7·96          in book 960708       , page
                . of Official Records in the County Recorder's office of     CLARK                   · County,
NEVADA           . describing land therein as:

LOT EIGHT (8) IN BLOCK TWO (2) OF BRADFORD PLACE UNIT NO. 1, AS SHOWN BY
MAP THEREOF ON FILE IN BOOK 13 OF PLATS, PAGE 63, IN THE OFFICE OF THE
COUNTY RECORDER OF CLARK COUNTY, NEVADA.

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust/Mortgage.

NORWEST MORTGAGE, INC.
A CALIFORNIA CORPORATION

STATE OF NEVADA,
County of   CLARK

Ron  Hudson

This instrument was acknowledged before me on       AUGUST 5          , 1996          , by
                    RON HUDSON

CAROL B WHITTAKER
Notary Public - Nevada
Clark County
My appt. exp. May 23, 1999

(Signature of Notarial Officer)

(Seal, if any)

NOTARY PUBLIC
(Title and Rank)

My Commission Expires: _____ 5/23/99

Corporation Assignment Nevada (Intervening)                                             D-5824-1 (10/95)

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:

OLD REPUBLIC TITLE COMPANY OF NE
08-07-96   10:03    DBI        1
OFFICIAL RECORDS
BOOK.   960807 INST    00701

FEE.    7.00 RPTT.         .00

* 0 0 0 7 2 5 2 6 4 0 8 0 0 0 0 1 5 0 *

970207.01547

Record & Return to:

NORWEST MORTGAGE, INC.
800 LASALLE AVE
SUITE 1000
MINNEAPOLIS, MN 55402



THIS CORRECTIVE ASSIGNMENT REPLACES THE ASSIGNMENT RECORDED ON 8-7-96
BOOK: 960807 INST: 00701 TO RE-RECORD CONCURRENTLY WITH THE DEED.

| **NORWEST MORTGAGE, INC.** | Assignment of Mortgage /<br>Deed of Trust /<br>Deed to Secure Debt |
|---|---|

| Pool #: | NHD X | LPO #: | 2895 | Loan #: | 7352889 |
|---|---|---|---|---|---|

*For value received,* Norwest Mortgage, Inc., a California corporation,    formerly known as Norwest Mortgage
Inc., a Minnesota    corporation, by merger and name change hereby    *sells, assigns and transfers to*
                                NEVADA HOUSING DIVISION

*its successors and assigns, all its right, title and interest in and to a certain mortgage / deed of trust / deed to
secure debt executed by*    SHIRLEY M. ROBINSON, AN UNMARRIED WOMAN

|  |  |  |  |  | To NORWEST MORTGAGE, INC. |
|---|---|---|---|---|---|

and bearing the date the    **5**    day of    **AUGUST**    A.D. 19 **96**    and
recorded in the office of the Recorder of    **CLARK**                County,
State of    **NEVADA**        in Book        at Page    **00700**
as Document No.    **960807**    on the    **7**    day of    **AUGUST**    A.D. 19 **96**
Re-recorded No.    **970207**        **7**        February    **1997**

    Signed the    **3**    day of    **FEBRUARY**    A.D. 19 **97** .

                                Norwest Mortgage, Inc.

[SEAL]                            By    *James Kuehl*
                                    JAMES KUEHL
                                Title    ASSISTANT SECRETARY

State of    **MINNESOTA**        }
County of    **HENNEPIN**        } SS
On this    **3**    day of    **FEBRUARY**    A.D. 19 **97**    before me, a Notary Public,
personally appeared    **JAMES KUEHL**            800 LASALLE AVE. Suite 1000 Mpls, MN 55402
to me known, who being duly sworn, did say that (he/she) is the        **ASSISTANT SECRETARY**
of Norwest Mortgage, Inc., a California corporation, formerly known as Norwest Mortgage, a Minnesota
corporation, by merger and name change, and that said instrument was signed on behalf of said corporation.

Drafted by & RETURN TO:        *Sharon L. Kneeland*
Norwest Mortgage, Inc.        Notary Public
800 LASALLE AVE. STE 1000
Minneapolis, MN 55402            SHARON L. KNEELAND
Attn:    DOUG FILIPS            NOTARY PUBLIC-MINNESOTA
                                My Commission Expires Jan 31, 2000

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
OLD REPUBLIC TITLE COMPANY OF NE

02-07-97   15:59    TML         2
BOOK:   970207    OFFICIAL RECORDS
                  INST:   01547

FEE:      8.00    RPTT:          .00

Request is hereby made that a copy of any notice of default or notice of sale under the terms of that

certain Deed of Trust recorded ____AUGUST 7, 1996_____ In Book __960807_____

of Official Records, Clark County, Nevada as Document number_____00700_____

executed by __SHIRLEY M. ROBINSON, AN UNMARRIED WOMAN,_____, Trustor

in which __NORWEST MORTGAGE, INC., A CALIFORNIA CORPORATION__ is named as beneficiary

and __STAN-SHAW CORPORATION, A CALIFORNIA CORPORATION_____ is named as trusteee,

be mailed to __NANCY PALEVAC_____

whose address is __867 NO. LAMB #25,_____

_____LAS VEGAS, NV, 89110_____

_____

---

"This instrument is delivered to the
Recorder's office as an accommoda-
tion by United Title of Nevada for
physical convenience only. It has not
been examined as to its validity ex-
ecution on its effect upon title, if any."

Dated: ____July 3, 1997____

STATE OF NEVADA }
COUNTY OF ___CLARK___ } ss.

On __July 7, 1997__
before me, the undersigned, a Notary Public in and for
said County and State, personally appeared
_____Barbara A. Shanks_____

_____

_____

known to me to be the person___ described in and who
executed the foregoing instrument, who acknowledged
to me that __he__ executed the same freely and vol-
untarily and for the uses and purposes therein men-
tioned.
WITNESS my hand and official seal.

(Seal) ___Notary Public in and for said County and State



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
ROSE DE STEPHANO
My Appointment Expires Dec. 18, 1997

DONN PRINTING INC. —(702) 734-0964

---

_Barbara A. Shanks_
Barbara A. Shanks

T.O.   97-06-0091KCB

SPACE BELOW FOR RECORDERS USE ONLY

When Recorded Please Mail To:   SOUTHWEST ESCROW CO.
3110 SO. VALLEY VIEW, #105
LAS VEGAS, NV. 89102

ACCOMMODATION ONLY

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:

SOUTHWEST ESCROW CO

07-09-97  08:02     ESD
OFFICIAL RECORDS
BOOK:   970709 INST:    00287        1

FEE:      7.00 RPTT:          .00

## REQUEST FOR NOTICE PURSUANT TO NEVADA REVISED STATUTES 107.090

Request is hereby made that a copy of any notice of default or notice of sale under the terms of that

certain Deed of Trust recorded_____ AUGUST 7, 1996 _____ in Book___ 960807 ___

of Official Records, Clark County, Nevada as Document number_____ 00700 ___

executed by _____ SHIRLEY M. ROBINSON _____ , Trustor

in which _____ NORWEST MORTGAGE _____ is named as beneficiary

and _____ STAN SHAW CORPORATION _____ is named as trustee,

be mailed to _____ SOUTHWEST ESCROW COMPANY _____

whose address is ___ 401 N. Buffalo Drive #205 _____

_____ Las Vegas, Nv. 89128 _____

THIS IS BEING RECORDED AT THE
REQUEST OF UNITED TITLE AS AN
ACCOMMODATION ONLY WITH NO
LIABILITY.

*Shirley M. Robinson*
SHIRLEY M. ROBINSON

Dated: _____ July 29, 1998 _____

STATE OF NEVADA
COUNTY OF_____ Clark _____ }ss.

On_____ July 30, 1998 _____
before me, the undersigned, a Notary Public in and for
said County and State, personally appeared_____
Shirley M. Robinson

_____

_____

known to me to be the person___ described in and who
executed the foregoing instrument, who acknowledged
to me that _Shr___ executed the same freely and vol-
untarily and for the uses and purposes therein men-
tioned.
WITNESS my hand and official seal.

(Seal) *Barbara M. Shanks*
       Notary Public in and for said County and State

> **BARBARA A. SHANKS**
> NOTARY PUBLIC - STATE OF NEVADA
> CLARK COUNTY
> 87-1114-1  My Appt. Expires February 13, 2001

DONN PRINTING INC. -(702) 734-9884

T.O. 98-07-0060KCB

**SPACE BELOW FOR RECORDERS USE ONLY**

When Recorded Please Mail To: SOUTHWEST ESCROW COMPANY
401 N. Buffalo Drive #205
Las Vegas, Nv. 89128

*Return to: United Title company*

ACCOMMODATION ONLY    WITHOUT LIABILITY

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
SOUTHWEST ESCROW COMPANY
07-30-98  15:54   NEL        1
             OFFICIAL RECORDS
BOOK:    980730 INST:   02465
FEE:      7.00 RPTT:        .00



20041208-0003144

Requested and Prepared by:

First American Title

When Recorded Mail To:
LOANSTAR MORTGAGEE SERVICES, L.L.C.
P.O. BOX 9013
ADDISON, TX 75001-9013
2509408-LOR ②

Fee: $15.00
N/C Fee:  $0.00

12/08/2004          13:23:32
T20040146123
Requestor:
    FIRST AMERICAN TITLE COMPANY OF NEVADA

Frances Deane          JKA
Clark County Recorder    Pgs: 2

Space above this line for Recorder's use only

TS No. :    20049070801355

Loan No. :  0250436458                              TSG No. :

## SUBSTITUTION OF TRUSTEE

WHEREAS,

SHIRLEY M. ROBINSON, AN UNMARRIED WOMAN

was the original Trustor, STAN-SHAW CORPORATION was the original Trustee, and NORWEST MORTGAGE, INC. was the original Beneficiary under that certain Deed of Trust Dated 8/5/1996 and recorded on 08/07/1996 as Instrument No. 00700, in Book 960807, and re-recorded 2/7/97 as Instrument #01546, book 970207, Parcel No. 162-07-710-008 of Official Records of CLARK County, Nevada; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitute, LOANSTAR MORTGAGEE SERVICES, L.L.C. WHOSE ADDRESS IS: P.O. BOX 9013, ADDISON, TX 75001-9013, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

LS129 - 10/97 (Crystal Report)

## SUBSTITUTION OF TRUSTEE - PAGE 2

TS No. :    20049070801355

Loan No. :    0250436458

NEVADA HOUSING DIVISION

_12/1/04_    ⟨signature⟩

Nancy Corbin, Deputy Administrator

State of Nevada    )
                          §
County of Clark    )

On  _12/1/04_  before  me,  __Andrea    J.    Golyer__  Notary  Public,  personally  appeared
__Nancy . Corbin__  personally  known  to  me  (or  proved  to  me  on  the  basis  of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature  ⟨signature⟩  (Seal)

Notary Public-State Of Nevada
COUNTY OF CLARK
ANDREA J. GOLYER
My Appointment Expires
JULY 8, 2006
No. 98-3616-1

LS129 - 10/97 (Crystal Report)

||||||||||||||||||||||||||||||||||||||||||
20041208-0003145

Fee: $16.00
N/C Fee: $0.00

12/08/2004          13:23:32
T20040146123
Requestor:
    FIRST AMERICAN TITLE COMPANY OF NEVADA

Frances Deane          JKA
Clark County Recorder    Pgs: 3

Requested and Prepared by:

First American Title

When Recorded Mail To:
LOANSTAR MORTGAGEE SERVICES, L.L.C.
P.O. BOX 9013
ADDISON, TX 75001-9013

2509408-WR

③

_____
Space above this line for Recorder's use only

APN No.:        162-07-710-008
TS No.:         20049070801355
Loan No.:       0250436458
VA/FHA/PMI No.:332-2812469

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally thirty-five days after the recording of the said Notice of Default. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your benficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by you creditor.

[Page 1 of 3]

NV9t - 7/7/2004 (Crystal Report)

```
APN No.:        162-07-710-008
TS No. :        20049070801355
Loan No. :      0250436458
VA/FHA/PMI No.: 332-2812469
```

**NOTICE OF DEFAULT AND
ELECTION TO SELL UNDER DEED OF TRUST**

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**WELLS FARGO BANK, N.A.
c/o LOANSTAR MORTGAGEE SERVICES, L.L.C.
P.O. BOX 9013
ADDISON, TX 75001-9013
(972) 419-1167**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That **LOANSTAR MORTGAGEE SERVICES, L.L.C.** As Agent for the current beneficiary under a Deed of Trust dated 8/5/1996, excuted by:

    **SHIRLEY M. ROBINSON, AN UNMARRIED WOMAN**

as Trustor to secure certain obligations in favor of **NORWEST MORTGAGE, INC.** as Beneficiary, recorded 08/07/1996 as **Instrument No. 00700**, in Book 960807, and re-recorded 2/7/97 as Instrument #01546, book 970207 of Official Records in the Office of the Recorder of CLARK County, Nevada describing land therein as:

AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST
said obligations including ONE NOTE FOR THE ORIGINAL sum of S48,350.00.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 07/01/2004 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES, IF ANY.**

**NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

NV9! - 7/7/2004 (Crystal Report)

| | | |
|---|---|---|
| APN No.: | 162-07-710-008 | NOTICE OF DEFAULT AND |
| TS No. : | 20049070801355 | ELECTION TO SELL UNDER DEED OF TRUST |
| Loan No. : | 0250436458 | |
| VA/FHA/PMI No.: | 332-2812469 | |

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: December 1, 2004

NEVADA HOUSING DIVISION

Nancy Corbin, Deputy Administrator

LOANSTAR MORTGAGEE SERVICES, L.L.C. IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

| | |
|---|---|
| State of Nevada | ) |
| | § |
| County of Clark | ) |

On  _12/1/04_  before  me,  __Andrea  J.  Golyer__  Notary  Public,  personally  appeared __Nancy  Corbin__  personally  known  to  me  (or  proved  to  me  on  the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)

Notary Public-State Of Nevada
COUNTY OF CLARK
ANDREA J. GOLYER
My Appointment Expires
JULY 8, 2006
No. 98-3616-1

[Page 3 of 3]

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
20060310-0001728

Fee: $16.00
N/C Fee: $0.00

Recording Requested By:
FIRST AMERICAN TITLE INSURANCE
COMPANY

03/10/2006              13:26:07
T20060043183
Requestor:
NATIONAL SEARCH SOLUTIONS

When Recorded Mail To:
LOANSTAR MORTGAGEE SERVICES, L.L.C.
15000 SURVEYOR BLVD, SUITE 250
ADDISON, TEXAS 75001

Frances Deane              DEZ
Clark County Recorder      Pgs. 3

250940&-WR    (3)

| TS No.: | 20049070801355 | Space above this line for Recorder's use only |
| FHA/VA/PMI No.: | 332-2812469 | |
| APN: | 162-07-710-008 | **NEVADA** |

### NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED **08/05/1996**. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On 3/30/2006 at 1:00 PM, LOANSTAR MORTGAGEE SERVICES, L.L.C., as duly appointed Trustee under and pursuant to Deed of Trust recorded 8/7/1996, as Instrument No. 00700, in book 960807, page , of Official records in the Office of the County Recorder of CLARK County, State of NEVADA. Executed by:

### SHIRLEY M. ROBINSON AN UNMARRIED WOMAN

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized, (Payable at time of sale in lawful money of the United States) **AT THE FRONT ENTRANCE TO NEVADA LEGAL NEWS, LOCATED AT 930 SO. FOURTH ST., LAS VEGAS, NV**

All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as: AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST APN# 162-07-710-008.

The street address and other common designation, if any, of the real property described above is purported to be:

### 3114 CHADFORD PLACE, LAS VEGAS, NV 89102

**SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN FOR ALL PURPOSES.**



**Entered on Docket
June 03, 2005**

Hon. Linda B. Riegle
United States Bankruptcy Judge

RICK A YARNALL
CHAPTER 13 BANKRUPTCY TRUSTEE
302 E Carson Ave., Suite 350
Las Vegas, NV 89101
(702) 853-4500
RAY13mail@LasVegas13.com

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br>SHIRLEY MAE ROBINSON<br>3114 CHADFORD PLACE<br>LAS VEGAS, NV 89102 | CHAPTER 13<br>CASE NO: BKS-05-12090-LBR<br><br>Hearing Date: May 26, 2005<br>Hearing Time: 1:30 pm |

## ORDER CONFIRMING THE DEBTOR(S) PLAN # |__ , AWARDING
## FEES TO THE DEBTOR(S) ATTORNEY AND RELATED ORDERS

Following the meeting of creditors held pursuant to 11 U.S.C. 341 at which the debtors appeared in person to be examined by creditors and other interested parties, a hearing was held pursuant to 11 U.S.C. 1324 at which Rick A Yarnall, Chapter 13 Trustee, or their appointed representative appeared in person and the debtor appeared by his attorney DANI L STEPHENS ESQ
Other appearances:_____

The debtor is hereinafter referred to in the masculine, even though this be a joint case or the debtor be female.  All references to the "Rules" shall be interpreted as referring to the Bankruptcy Rules unless the context indicates otherwise.

At such hearing the following objections to confirmation of the debtor (s) plan were considered:

_____

_____

At the hearing, the Court considered the matters presented by the Trustee, counsel for debtor(s) and by other interested parties, and upon the pleadings and statements of parties and of counsel, and the evidence presented, the Court finds that:
    A.  Written notice of the meeting of creditors held pursuant to 11 U.S.C. 341 and of this hearing on the confirmation of the Plan, was given as required by Rule 2002;
    B.  The Plan presented for confirmation (hereinafter refered to as "the Plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and other applicable provisions of said Title:
    C.  Any fee, charges of other amounts required under Chapter 13 of Title 28, or by Plan, to be paid before confirmation has been paid:
    D.  The Plan has been proposed in good faith and not by any means forbidden by law:

E.   The value, of the effective date of the Plan, of the property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor or were liquidated under Chapter 7 of Title 11 of the United States Code on such date: and

   a.   the liquidation value is  and based on the non exempt equity $ _____

   b.   liquidation value is subject to the valuation of the following assets:

_____ n/a _____

F.   With respect to each allowed secured claim provided by the Plan, the holder of such claim either accepted, or was deemed to have accepted the plan:

   a.   (i) the Plan provides that the holder of such claims retain the lien securing such claims; and
      (ii)the value, as the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim; or
   b.   the plan proposes to surrender the property securing such claim to the creditor,

G.   If the Trustee or the holder of an allowed unsecured claim objected to the confirmation of the Plan, then the Court finds that;

   a.   the value of the property to be distributed under the Plan on account such unsecured claim is not less than the amount of such claim or
   b.   the plan provides that all of the debtor(s) projected disposable income, [as 'disposable income' is defined in 11 U.S.C. 1325 (b)(2)] to be received by the debtor(s) in the three year period beginning on the date that the first payment is due under the Plan.
   c.   debtor is required to provide to the Trustee copies of tax returns for the next three years [X]yes []no

IT IS ORDERED THAT:

1.   The debtor(s) plan is confirmed and (if appropriate) for cause shown, payments for a period not to exceed 5 years is approved.
2.   The debtor(s), or his employer, shall make the payments to the Trustee required by the Plan that was confirmed or as hereafter modified.  If the debtor(s) does not cause such payments to be timely made, the Trustee shall make demand [pursuant to Section 542 (b)] or request the Court to order [pursuant to Section 1326(c)] any entity from whom the debtor(s) receives income to pay all or any part of such income to the Trustee.
3.   The debtor(s) shall, when practicable, obtain the approval of the Trustee prior to incurring additional consumer debt. The failure to obtain such approval, if practicable, may cause the claim for such debt to be unallowable to the creditor, [U.S.C. 1305 (c) and the debt to be nondischargeable. [11 U.S.C.1328(d)].
4.   The Trustee shall;
(a)  Keep a detailed record of all receipts, including the source or other identification of each receipt, and all disbursements [11 U.S.C. 1302 (b)(1)]; and
(b)  File with the Court, or if applicable with the entity providing addressing service for the Court and the Trustee, notices for creditor's address changes brought to the attention of the Trustee [Rule 2002(g)]; and
(c)  Deposit all funds received by the Trustee under the plan with an entity which provides insurance, guaranties of deposit in the manner prescribed by 11 U.S.C. 345.
5.   Pursuant to 11 U.S.C. 1326 the order of payment, unless otherwise directed, shall be:
(a) Any unpaid claim of the kind specified in Section 507(a)(1) of Title 11 U.S.C.;
(b) The percentage fee fixed for the Trustee pursuant to Section 1302(a) of said title (or Section 586(a)(1) of Title 28, if applicable);
(c) Creditors whose claims are timely filed and allowed or as may be required to provide adequate protection of the interest of any entity with an interest in the property of the estate.
6.   The Trustee, the debtor(s) and attorney for debtor(s) shall examine proofs of claim, or summaries thereof, and shall object to the allowances of improper claims as provided by 11 U.S.C. 704(4).
7.   The Trustee shall, no less than once a year, deliver to the debtor(s) attorney a report indicating all receipts from the debtor and disbursements made by the Trustee's office within the prior year, or prior six months, if such reports are made semiannually. Additionally, the reports must indicate the existing undistributed funds on hand as described in the 9/91 Edition of the U.S. Department of Justice's Executive Office of the United States Trustees Handbook for Chapter 13 Standing Trustees.
8.   Ninety days after final distribution, the Trustee shall stop payment on all checks then unpaid and file with the Clerk of the Court a list of names and addresses, so far known, of the persons entitled to such payments and the amounts thereof.  The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28.  [11U.S.C. 347 Rule 3001].

**ALLOWANCE OF ATTORNEY'S FEES**

The application by the attorney for the debtor(s) for the allowance of reasonable compensation as authorized by 11 U.S.C. 330 , having been considered, the Court finds that reasonable fees for the service performed and undertaken by such attorney is $ $2,235.00 of which $400.00 was paid to such attorney prior to the filing of the petition initiating this proceeding.  The balance of such fees $1,835.00 shall be paid by the Trustee from the monies received under the debtor(s) plan.

Attorney fees approved                 YES  ·  NO                 Application for fees required          YES   NO

Submitted by:

/s/Rick A Yarnall
Rick A Yarnall
CHAPTER 13 BANKRUPTCY TRUSTEE
302 E Carson Ave., Suite 350
Las Vegas, NV 89101
(702) 853-4500

Approved/Disapproved:

DANI L STEPHENS ESQ
2949 S Decatur,
Las Vegas, NV 89102
(702) 871-2949

DANI L. STEPHENS, ESQ.          Space reserved for Bankruptcy Clerk
Nevada Bar #4761
4929 S. Decatur Blvd.
Las Vegas, Nevada 89102
(702) 871-2949
Attorney for Debtor,

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DIVISION OF NEVADA
(SOUTHERN DIVISION OF NEVADA)

In re: SHIRLEY MAE ROBINSON    ]    BK-S-
                               ]    Chapter 13
                               ]    Chapter 13 Plan #
                               ]    Plan Modification:( )NA( )Before
                               ]    ( ) After Original Confirmation
                               ]    Confirmation Hearing
        Debtor.               ]    Date:
                               ]    Time:
                               ]

1.    NOTICE TO CREDITORS:  This Plan may ultimately provide a distribution to
general unsecured creditors.  Creditors should TIMELY file proofs of claim to
participate in such distribution.

2.    INCORPORATION OF CHAPTER 13 PLAN GUIDELINES:  This plan incorporates the
Chapter 13 Plan Guidelines for Las Vegas, Nevada (hereinafter referred to as
"Guidelines").  Any creditor may request a copy of the Guidelines from the
Chapter 13 Trustee or the attorney for Debtor(s).

3.    PLAN PAYMENT SCHEDULE:                                    AMOUNT
      A.    (i)   $196.00 per month for 55 months        $10,758.00
                  (Debtor (s) shall not pay less than 36
                  monthly payments unless Plan proposes to
                  pay 100% to all filed and allowed claims)
                  PAYMENT TO COMMENCE _____
                  (Date must match Special Directive to
                  Debtor (s) and Their Attorney
            (ii)  Payments shall increase as follows: (State
                  reason, i.e., paid in full direct during
                  course of Plan or wage increase, etc.)
                  $_____ commencing_____    $
                  Reason:_____
                  $_____ commencing_____    $
                  Reason:_____
      B.    Non-monthly payments:
            All lump sum payments must be into the Plan
            at least 6 months prior to proposed Plan
            expiration (Court approval may be required).
            Source _Annual Tax Refunds_____    $ TBD
            _____    $

C.   Total minimum plan payments*                    $10,758.00
     *If amount is pursuant to a settlement, see
     Exhibit attached. (must equal line 4.I.)

4.   **CLASSIFICATION OF CLAIMS PAID BY TRUSTEE:**
   A.   **ADMINISTRATIVE CLAIMS:**
      (1)   Debtor's Attorney Compensation
            (Must comply with Guidelines):
         a.   **Basic Services:**
              Attorney fees and costs   $2,100.00
              Filing fee                $ 194.00
              TOTAL FOR ATTORNEY        $2,285.00
              Less: Amount pre-paid
                   By Debtor            ($  450.00)
              Amount to be paid
                   By Trustee                      $1,835.00
         b.   **Estimated additional fees
              & costs:**
              Attorney fees and costs   $
              Less: Amount pre-paid
                   By Debtor            ($)
              Amount to be paid
                   By Trustee                      $
      (2)   Other professionals (see Guidelines):
         a.   Claimant:_____
              Type of service:_____
              Amount of claim:          $
              Less: Amount pre-paid
                   By Debtor            ($)
              Amount to be paid
                   By Trustee                      $
      (3)   Other administrative claims:           $
            The aforementioned administrative claims
            shall be paid simultaneously with adequate
            protection payments, if any, on allowed
            secured claims as set forth at 4(B)(3) as
            follows:
         a.   Minimum monthly payments  $          /mo.
              to attorney:
         b.   Minimum monthly payments  $          /mo.
              to other professional:
      (4)   Trustee Compensation: See 4(H).
   B.   **SECURED CLAIMS:**
      (1)   Taxes (Federal, State, City and County)
         a.   Creditor:
              Period/Type:
                           Claim amount  $
              Interest rate   % Approx. Int  $

                          TOTAL CLAIM    $
(2)  Arrearages
     a.   Creditor: WELLS FARGO HOME MORTGAGE
          Collateral: 1ST MORTGAGE
          Pre-petition claim:            $5814.⁰⁰
          Interest rate 7.5% Approx. Int $. 872.ᵘ
          Direct payment $ 466.00/mo.
          To commence: APRIL 1ST, 2005
                          TOTAL CLAIM      $ 6686.ᵘ
     b.   Creditor: JOHN LEACH
          Collateral: ASSOC FEES
          Pre-petition claim:            $1036.00
          Interest rate   % Approx. Int  $
          Direct payment $ 95.00/mo.
          To commence: APRIL 1ST, 2005
                          TOTAL CLAIM      $1036.00
(3)  Obligations Paid in Full by Trustee (refer to
     Section 4 (B) (3) of the Guidelines)
     a.   Real Property
          Creditor:_____
          Collateral:_____
          Full claim amount:           $
          Interest rate   % Approx. Int $
          Adequate protection payment $ _____/mo.
                          TOTAL CLAIM    $
     b.   Personal Property (vehicles, household
             goods, jewelry, etc.)
          Creditor:_____
          Collateral:_____
          Full claim amount:           $
          Interest rate   % Approx. Int $
          Limited to fair market value:  YES  NO
          Adequate protection payment $ _____/mo.
                          TOTAL CLAIM      $
(4)  Direct Payments to be made by Debtor that are
     not in arrears (including ongoing City and
     County taxes)
     a.   Creditor:  WELLS FARGO HOME MORTGAGE
          Collateral: 1ST MORTGAGE
          Regular monthly payment    $ 466.00/mo.
          Commence date: APRIL 1ST, 2005
          Final payment date:  20 YRS
                          TOTAL CLAIM      $466 MO
b.   Creditor: DICK PALEVAC
          Collateral: 2ND MORTGAGE
          Regular monthly payment    $ 230.00/mo.
          Commence date: APRIL 1ST, 2005

```
                  Final payment date: UNKNOWN
                              TOTAL CLAIM              $230 MO
     c.    Creditor: BRADFORD TOWNHOUSE COMM - OLD WEST REALITY
                  Collateral: ASSOC FEES
                  Regular monthly payment      $ 95.00/mo.
                  Commence date: APRIL 1ST, 2005
                  Final payment date:
                              TOTAL CLAIM              $ 95 MO
(5)  Collateral to be Surrendered
         a.    Creditor:_____
               Collateral:_____
               Location of Collateral:_____
     C.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES:
         a.    Creditor:_____
               Collateral:_____
               Reject: YES   NO   Returned to creditor:  YES   NO
               Assume: YES   NO   Regular monthly payment $_____/mo.
                        No. of months remaining _____
     D.    UNSECURED PRIORITY CLAIMS:
(1)  Taxes (Federal, State, City and County)
         a.    Creditor:_____
               Period/Type:_____
                           Claim amount      $
(2)  Child Support/Alimony
         a.    Creditor:
               Pre-petition claim:             $
               Interest rate   % Approx. Int   $
               Direct payment $ _____/mo.
               To commence:_____
                              TOTAL CLAIM              $
(3)  Other Priority
         a.    Creditor:_____
               Type of Priority:_____
               Pre-petition claim:             $
               Interest rate   % Approx. Int   $
               Direct payment $ _____/mo.
               To commence:_____
                              TOTAL CLAIM              $
     E.    UNSECURED NONPRIORITY CLAIMS:
(1)  Special Class
         a.    Creditor:_____
               Reason for special class:_____
               Pre-petition claim:          $
               Percentage to be paid ____ %
                              TOTAL CLAIM              $
(2)  General Unsecured
         a.    Approx. total of all claims    $ZERO
```

```
                Approx. percentage to be paid  ZERO%
                    APPROXIMATE AMOUNT TO BE PAID        $ZERO
                Is approx. amount to be paid
                modifiable?  YES  NO
                If no, explain:_____
      (3)  Late-Filed
           a.   Approx. total of all claims   $ZERO
                Approx. percentage to be paid  ZERO%
                    APPROXIMATE AMOUNT TO BE PAID        $ZERO
                Is approx. amount to be paid
                modifiable?  YES  NO
                If no, explain:_____
     F.   POST-PETITION CLAIMS (11 U.S.C. $1305):
     (1)  Taxes (Federal, State, City and County)
           a.   Creditor:_____
                Period/Type:_____
                          Claim amount   $
                Approx. Interest and penalties $
                          TOTAL CLAIM            $
     (2)  Other
           a.   Creditor:_____
                Type:_____
                          Claim amount   $
                Approx. Interest and penalties $
                          TOTAL CLAIM            $
     G.   TOTAL CLAIMS PAID BY TRUSTEE: (ADD A-F)   $ 9682.00
     H.   TRUSTEE COMPENSATION:                     $
          (1)  Not to exceed 10% (divide F. by 9)   $ 1076.00
     I.   TOTAL PLAN PAYMENTS TO TRUSTEE: (ADD G-H
                must equal 3C)                      $10,758.00
5.   ORDER OF DISTRIBUTION BY TRUSTEE:  The Trustee shall
     distribute to allowed claims in the following order:
     A.   Section 4 (A)-Administrative Claims (unless 4B
          (3) adequate protection payment shown
     B.   Section 4 (B)-Secured Claims
     C.   Section 4 (F)-Post Petition Claims
     D.   Section 4 (D)-Unsecured Priority Claims
     E.   Section 4 (E)-Unsecured Nonpriority Claims
6.   LIENS TO BE AVOIDED BY MOTION:
           a.   Creditor:_____
                Collateral:_____
                Type of Lien:_____
                Value of Lien:_____
7.   LIQUIDATION VALUE:
     Liquidation value (from worksheet in Guidelines)   $
     Liquidation value to be paid to priority claims    $
     Liquidation value to be paid to non-priority claims$
```

Liquidation value is based on:_____

**8.   SCHEDULES/STATEMENT OF FINANCIAL AFFAIRS:**

Copies of the Debtor(s) Schedules and Statement of Financial Affairs may be obtained from the United States Bankruptcy Court Clerk's Office, 300 Las Vegas Blvd. South, Second Floor, Las Vegas, Nevada 89101.  Documents may also be viewed via the Bankruptcy Ccurt's website (www.nvb.uscourts.gov).

**9.   SIGNATURE BY DEBTOR(S):**

The undersigned Debtor(s), declare under penalties of perjury, that I have read the foregoing Chapter 13 Plan, including any attached sheets, and I know and understand the contents thereof and my obligations thereunder.

/s/SHIRLEY       MAE       ROBINSON
_____
Debtor


10.       ATTORNEY     SIGNATURE:/s/Dani    L.     Stephens,    Esq.
_____/_____
ATTORNEY FOR DEBTOR(S)          DATE

TS No.:        20049070801355

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$47,304.60**. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located.

**THIS PROPERTY IS SOLD AS-IS, THE LENDER AND ITS ASSETS ARE UNABLE TO VALIDATE THE CONDITION, DEFECTS OR DISCLOSURE ISSUES OF SAID PROPERTY AND BUYER WAIVES THE DISCLOSURE REQUIREMENT UNDER NRS 113.130 BY PURCHASING THIS SALE AND SIGNING SAID RECEIPT.**

First American Title Insurance Company                    Date:  1/25/2006
LoanStar Mortgagee Services, L.L.C.
3 First American Way
Santa Ana, CA 92707

WENDY RANDALL

FOR TRUSTEE'S SALE INFORMATION
PLEASE CALL 702-651-6600

LOANSTAR MORTGAGEE SERVICES, L.L.C. MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

State of _____California_____ }
County of _____Orange_____ }  §

On _1-25-06_ before me _Stephanie Ong_ Notary Public, personally appeared _WENDY RANDALL_ personally known to me (or proved to me on the basis of satisfactory evidence) to be person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacty(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _____ (Seal)
            Notary Public In and for said County and State

STEPHANIE ONG
Commission # 1465116
Notary Public - California
Orange County
My Comm. Expires Feb 9, 2008

TS No.: 20049070801355

| EXHIBIT "A" |

EXHIBIT "A"
THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE STATE OF NEVADA,
COUNTY OF CLARK, CITY OF LAS VEGAS, AND IS DESCRIBED AS FOLLOWS:
LOT EIGHT (8) IN BLOCK TWO (2) OF BRADFORD PLACE UNIT NO. 1, AS SHOWN BY MAP THEREOF ON FILE
IN BOOK 13 OF PLATS, PAGE 63, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.
162-07-710-008

FORM B6A
(6/90)

In re  SHIRLEY MAE ROBINSON
_____
         Debtor

Case No. _____
                              (if known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 3114 CHADFORD PLACE LAS VEGAS. NV 89102  SAME | Fee Simple | | 83,000.00 | 62,639.00 |
| | | Total ▶ | 83,000.00 | |

(Report also on Summary of Schedules)

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 3.9.0-636 - 32245

EXHIBIT 

## ** SECTION 362 INFORMATION SHEET **

Shirley Robinson
DEBTOR

05-12090-mkn
BANKRUPTCY NO. MOTION NO.

Wells Fargo Bank, N.A.
MOVANT

_____13_____
CHAPTER FILED

PROPERTY INVOLVED IN THIS MOTION: 3114 Chadford Pl. . Las Vegas NV 89102

NOTICE SERVED ON: Debtor(s) _____: Debtor (s) Counsel _____; Trustee _____

DATE OF SERVICE: _____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS:<br><br>1st Wells Fargo Bank, N.A. $40,880.97 (PB)<br><br>2nd Dick Palevac $15,000.00<br><br>3rd John Leach $1,036.00<br><br>Other<br><br>Total Encumbrances: $56,916.97<br><br>APPRAISAL or OPINION as to VALUE:<br>"Per attached Schedule "A'" $83,000.00 | The EXTENT and PRIORITY of LIENS:<br><br>1st _____<br><br>2nd _____<br><br>3rd _____<br><br>4th _____<br><br>Other _____<br><br>Total Encumbrances: $ _____<br><br>APPRAISAL or OPINION as to VALUE: |
| TERMS OF MOVANT'S CONTRACT<br>WITH THE DEBTOR<br><br>Amount of Note: $48,350.00<br>Interest Rate: 7.42%<br>Duration: August 1, 2026<br>Payment Per Month: $ 442.84<br>Date of Default: March 1, 2008<br>Amount of Arrearages: $2,228.52<br>Date of Notice of Default: April 29, 2008<br>SPECIAL CIRCUMSTANCES: I, Gregory L. Wilde, hereby certify that an attempt has been made to confer with debtor(s) counsel, or with debtor(s) and that more than two (2) business days have expired, and that after sincere effort to do so, counsel has been unable to resolve this matter without court action.<br><br>SUBMITTED BY: _____<br><br>SIGNATURE: /S/GREGORY L. WILDE | OFFER OF "ADEQUATE<br><br>PROTECTION" FOR MOVANT:<br><br><br><br><br><br><br>SPECIAL CIRCUMSTANCES:<br><br>SUBMITTED BY: _____<br><br>SIGNATURE: _____ |

EXHIBIT